# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV08- 584 RGK (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STAT    ISTRICT COURT, CENTRAL DISTRICT    ALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) BELINDA POLONSKY DE LITCHI | DEFENDANTS MICHAEL CHERTOFF, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MICHAEL B. MUKASEY, ATTORNEY GENERAL OF THE UNITED STATES; |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Mexico City, Mexico | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Washington, DC |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Asherson Klein & Darbinian, Neville Asherson, Esq. SBN 73745; Anna Darbinian, Esq. SBN 200828 Leon Hazany, Esq. SBN 229063; Anish Vashistha, Esq., SBN 244276 9150 Wilshire Blvd., #210, Beverly Hills, CA 90212 Ph: 310-247-6070 Fax: 310-278-8454 | Attorneys (If Known) United States Attorneys Office Room 7516, Federal Building 300 North Los Angeles Street Los Angeles, CA 90012 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☐ Yes    ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes    ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ Attorneys Fees

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Freedom of Information Act (Federal Question)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 850 Securities/Commodities /Exchange | | ☐ 350 Motor Vehicle | | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| | | | | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☒ 895 Freedom of Information Act | ☐ 210 Land Condemnation | | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 220 Foreclosure | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No    ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**    Case Number: _____

CV08-00584

UNITED STAT     DISTRICT COURT, CENTRAL DISTRICT    CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No    ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B.  Involve the same or substantially the same parties or property;

☐ C.  Involve the same patent, trademark or copyright;

☐ D.  Call for determination of the same or substantially identical questions of law, or

☐ E.  Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Mexico City, Mexico

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☒ Check here if the U.S. government, its agencies or employees is a named defendant.
   Michael Chertoff, Secretary, United States Department of Homeland Security; Michael B. Mukasey, Attorney General of the United States; Emilio T.
   Gonzalez, Director, United States Citizenship and Immigration Services; W. Ralph Basham, Commissioner, United States Customs and Border
   Protection; Magda S. Ortiz, Director, Freedom of Information Act/Privacy Act Branch, United States Citizenship and Immigration Services; T. Diane
   Cejka, National Records Center Director, United States Citizenship and Immigration Services; Mark Hanson, Acting Director, Freedom of Information
   
List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date _____ 01/28/2008

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions
sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1  Neville Asherson, (SBN 73745)
   Anna Darbinian, (SBN 200828)
2  Leon Hazany, (SBN 229063)
   Anish Vashistha, (SBN 244276)
3  ASHERSON, KLEIN & DARBINIAN
   9150 Wilshire Blvd., Suite 210
4  Beverly Hills, California 90212
   Telephone: (310) 247-6070
5  Facsimile: (310) 278-8454
   Anish@Asherson.Net
6
   Attorneys for Plaintiff,
7    BELINDA POLONSKY DE LITCHI

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10
   BELINDA POLONSKY DE LITCHI    )  CV NO. CV08-00584 AGK (AGRx)
11                                )
12          Plaintiff,            )  COMPLAINT FOR RELIEF AND
                                  )  EXHIBITS A-W IN SUPPORT
13   vs.                          )  THERETO
14                                )
15   MICHAEL CHERTOFF, SECRETARY, )
     UNITED STATES DEPARTMENT OF  )
16   HOMELAND SECURITY; MICHAEL B.)
17   MUKASEY, ATTORNEY GENERAL OF )
     THE UNITED STATES; EMILIO T. )
18   GONZALEZ, DIRECTOR, UNITED   )
19   STATES CITIZENSHIP AND       )
     IMMIGRATION SERVICES; W. RALPH)
20   BASHAM, COMMISSIONER, UNITED )
21   STATES CUSTOMS AND BORDER    )
     PROTECTION; MAGDA S. ORTIZ,  )
22   DIRECTOR, FREEDOM OF         )
23   INFORMATION ACT/PRIVACY ACT  )
     BRANCH, UNITED STATES        )
24   CITIZENSHIP AND IMMIGRATION  )
25   SERVICES; T. DIANE CEJKA,    )
     NATIONAL RECORDS CENTER      )
26   DIRECTOR, UNITED STATES      )
27   CITIZENSHIP AND IMMIGRATION  )
28

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 9 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

-1-

1  SERVICES; MARK HANSON, ACTING  )
2  DIRECTOR, FREEDOM OF  )
   INFORMATION ACT DIVISION,  )
3  UNITED STATES CUSTOMS AND  )
4  BORDER PROTECTION; SHARI  )
   SUZUKI, CHIEF, FREEDOM OF  )
5  INFORMATION ACT APPEALS,  )
6  POLICY AND LITIGATION BRANCH,  )
7  UNITED STATES CUSTOMS AND  )
   BORDER PROTECTION; AND UNITED  )
8  STATES DEPARTMENT OF  )
9  HOMELAND SECURITY,  )
                                                          )
10                                                        )
          Defendants.  )
11  _____  )

12        Plaintiff Belinda Polonsky de Litchi alleges as follows:

13                    **JURISDICTION AND VENUE**

14

15        1.    Plaintiff Belinda Polonsky de Litchi has been denied her right to a complete

16  copy of her administrative file from Defendants for over eight months.  In this complaint,

17  Miss Polonsky challenges Defendants' willful refusal to provide her a copy of her

18  immigration file on statutory and regulatory grounds.  This Court has subject matter

19  jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) (Freedom of

20  Information Act), 28 U.S.C. § 1361 (Mandamus Act), and 28 U.S.C. § 1651 (All Writs

21  Act).  This Court also has jurisdiction to hear Miss Polonsky statutory and regulatory

22  claims under 28 U.S.C. § 1331, which confers jurisdiction to consider federal questions.

23  See Walters v. Reno, 145 F.3d 1032, 1052 (9th Cir. 1998).

24        2.    This Court may grant relief under 28 U.S.C. § 1331 (federal question), 28

25  U.S.C. § 1651 (All Writs Act), 28 U.S.C. §§ 2201-02 (declaratory relief), the

26  Administrative Procedures Act, 8 U.S.C. § 1447(b), 8 U.S.C. § 1447, and Federal Rules

27  of Civil Procedure 57 and 65.

28

3.    Venue is proper in the Central District of California pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) in that a substantial part of the events and omissions giving rise to the claim occurred in the jurisdiction of this Court.

## INTRODUCTION

4.    For over eight months now, Defendants have willfully refused to comply with Miss Polonsky's Freedom of Information Act Requests. On May 22, 2007, Miss Polonsky submitted a Freedom of Information Act Request to United States Customs and Border Protection, requesting a complete copy of her administrative file. On that same date, May 22, 2007, Miss Polonsky submitted a Freedom of Information Act Request to United States Citizenship and Immigration Services, requesting a complete copy of her administrative file. Both Requests have been supplemented and appealed. Defendants have yet to comply with the Request, submitting either very little information or none at all. Now more than eight months after her original request, Miss Polonsky is still waiting for the complete records.

5.    Miss Polonsky has a valid visa to the United States and visits the United States pursuant to the terms of that valid visa. Each time following a sometimes four-hour flight she presents herself for inspection and for lawful admission to the United States at an authorized Port of Entry, she is mistreated. Upon her arrival at the airport, Defendants, via a United States Customs and Border Protection Officer, ask her a series of standard questions, such as the purpose of her visit. Miss Polonsky informs the Officer of her reasons for visiting the United States. Instead of permitting her to enter, however, each time the Officer refers her to United States Customs and Border Protection secondary inspection for further questions.

6.    Each time at secondary inspection, Miss Polonsky is detained for sometimes many hours without food. She is not permitted to contact her family, friends, or whomever is waiting at the airport to pick her up. This detention without food and

1  outside contact continues for sometimes several hours until each time, Defendants finally
2  inform her that although she was referred to secondary inspection, no reasonable reason
3  can be found to show why she should not be admitted to the United States or why she
4  was referred to secondary inspection at all. She has been further informed by Defendants
5  during several of her attempted and ultimately successful admissions to the United States
6  that Defendants' computer system informs Defendants that Miss Polonsky must be
7  referred to secondary inspection but that no reasonable reason can be ascertained by
8  Defendants for that instruction given by Defendants' computer system. Such an incident
9  occurs every time Miss Polonsky attempts to be admitted to the United States with no
10 foreseeable end and with no indication that such an incident will not occur the next time
11 Miss Polonsky attempts to be admitted to the United States.

12       7.      Despite Miss Polonsky's attempt to understand why she is being referred
13 to secondary inspection during each of her attempted admissions to the United States,
14 Defendants refuse to provide her with a complete copy of her administrative files. Miss
15 Polonsky urgently needs access to her complete administrative files so that she can
16 adequately address the reason why Defendants refer her to secondary inspection each
17 time she attempts to be admitted to the United States. She also needs access to her
18 complete administrative files because her valid visa will be expiring in September 2008
19 and Miss Polonsky wishes to ensure that once her visa is renewed, she will not be placed
20 in similar incidents each time she attempts to be admitted to the United States. Despite
21 these important and time-sensitive reasons, Defendants have not complied Miss
22 Polonsky's Requests for more than eight months.

24       8.      Defendants still continue to refuse to provide Miss Polonsky with a full and
25 complete copy of her administrative files despite her more than eight-month-old
26 Freedom of Information Act Requests. Defendants' failure to comply with the Freedom
27 of Information Act Requests is in violation of the statute. Defendants are required to
28 comply with a ten-day time requirement set forth in 5 U.S.C. §552(a)(6)(A), (B) and (C).

Here Defendants have taken more than eight months for the Requests submitted to United States Customs and Border Protection and United States Citizenship and Immigration Services. Miss Polonsky acted diligently to obtain the records, but despite this fact, Defendants will not comply with the law.

## **PARTIES**

9.     Plaintiff Belinda Polonsky de Litchi ("Plaintiff" or "Miss Polonsky") is a national and citizen of Mexico and a holder of a valid Class B1/B2 visa to the United States. She submitted Freedom of Information Act Requests to Defendants to obtain a complete copy of her administrative files both to understand why she is being referred to secondary inspection for sometimes several hours each time she attempts to be admitted to the United States on her valid Class B1/B2 visa and to ensure that such incidents do not occur once she renews her Class B1/B2 visa upon its expiration in September 2008. Miss Polonsky is filing this complaint to have enforced her rights to a complete copy of her administrative files.

10.     Defendant Michael Chertoff is the Secretary of Homeland Security and heads the United States Department of Homeland Security, the arm of the United States Government responsible for enforcement of the Immigration Laws. Mr. Chertoff is the ultimate legal custodian of Miss Polonsky's administrative files. Mr. Chertoff is sued in his official capacity.

11. Defendant Michael B. Mukasey is the Attorney General of the United States and the head of the United States Department of Justice. Mr. Mukasey shares responsibility for implementation and enforcement of the Immigration Laws along with Defendant Chertoff. Mr. Mukasey is a legal custodian of Miss Polonsky's administrative files. Mr. Mukasey is sued in his official capacity.

12.    Defendant Emilio T. Gonzales is the Director of the United States Citizenship and Immigration Services, an arm of the United States Department of Homeland Security.  Mr. Gonzales is responsible for the National Records Center.  Mr. Gonzales is a legal custodian of Miss Polonsky's administrative files and he is sued in his official capacity.

13.    Defendant W. Ralph Basham is the Commissioner of United States Customs and Border Protection, an arm of the Department of Homeland Security.  Mr. Basham is responsible for the Freedom of Information Act Division of United States Customs and Border Protection.  He is a legal custodian of Miss Polonsky's administrative files and is sued in his official capacity.

14.    Defendant Magda S. Ortiz is the Director of the Freedom of Information Act/ Privacy Act Branch of the United States Citizenship and Immigration Services. She is responsible for all Freedom of Information Act requests submitted to the United States Citizenship and Immigration Services.  She is the legal custodian of Miss Polonsky's administrative file and she is sued in her official capacity.

15.    Defendant T. Diane Cejka is the National Record Center Director of the United States Citizenship and Immigration Services.  She is responsible for the Freedom of Information Act requests submitted to the National Records Center.  She is the legal custodian of Miss Polonsky's administrative file and is sued in her official capacity.

16.    Defendant Mark Hanson is the Acting Director of the Freedom of Information Act Divison of United States Customs and Border Protection.    He is responsible for the Freedom of Information Act requests submitted to United States Customs and Border Protection.    He is the legal custodian of Miss Polonsky's administrative file and is sued in his official capacity.

17.    Defendant Shari Suzuki Chief of the Freedom of Information Act Appeals, Policy and Litigation Branch of United States Customs and Border Protection. She is responsible for the Freedom of Information Act appeals submitted to United States Customs and Border Protection. She is the legal custodian of Miss Polonsky's administrative file and is sued in her official capacity.

18.    Defendant Department of Homeland Security is an agency of the United States and has possession of the documents that Plaintiff seeks.

19.    On information and belief, all Defendants have played a role in the illegal denial of Plaintiff's rights.

## FACTS AND PROCEDURAL HISTORY

20.    This lawsuit arises from the improper withholding of agency records that relate specifically to Plaintiff and that have been requested by Plaintiff pursuant to the Freedom of Information Act ("FOIA"). The records sought are vital to Plaintiff's ability to ascertain why she is referred to secondary inspection each time she attempts to be admitted to the United States on her valid Class B1/B2 visa and to ensure that upon renewal of her visa, she is not subject to the same incidents where she is referred to secondary inspection without any valid basis.

21.    On March 22, 2007, in compliance with Defendants' FOIA Request procedures in place at the time, Miss Polonsky submitted by United States Certified Mail two FOIA Requests with Defendants regarding her administrative files. One of the FOIA Requests was submitted to United States Customs and Border Protection ("CBP"), and that Request was received by Defendants on May 29, 2007. That FOIA Request and proof of its receipt is attached as Exhibit C.

22.    The other FOIA Request was submitted to United States Citizenship and Immigration Services ("USCIS"), and that Request was received by Defendants on May 29, 2007.  That FOIA Request and proof of its receipt is attached as Exhibit D.

23.    Defendants initially responded to Miss Polonsky's USCIS FOIA Request by submitting a letter dated June 5, 2007 and postmarked June 7, 2007 stating that the Request was received, requesting more information to assist Defendants in its search for relevant records, and providing control number "NRC2007040500" to reference the Request.  That letter, its enclosure, and a copy of the envelope in which it was sent are attached as Exhibit E.

24.    Defendant's also initially responded to Miss Polonsky's CBP FOIA Request by submitting a letter dated and postmarked June 11, 2007 stating that the Request was received, requesting more information, and providing control number "NRC2007040512" to reference the Request.  The letter, its enclosure, and a copy of the envelope in which it was sent are attached as Exhibit F.

25.    Defendants also submitted a letter dated and postmarked June 11, 2007 regarding Miss Polonsky's CBP FOIA Request stating that the Request will not be complied with in an expedited manner.  The letter and a copy of the envelope in which it was sent are attached as Exhibit G.

26.    On June 15, 2007, Miss Polonsky responded via facsimile and United States Certified Mail to Defendants' request for more information regarding Miss Polonsky's FOIA Request filed with USCIS.  That response complied with the request for more information with the most up-to-date information available at the time.  The response and proof of its receipt are attached as Exhibit H.

27.    Also on June 15, 2007, Miss Polonsky responded via facsimile and United States Certified Mail to Defendants' request for more information regarding Miss Polonsky's FOIA Request filed with CBP.  That response complied with the request for

more information with the most up-to-date information available at the time. The response and proof of its receipt are attached as Exhibit I.

28.    In a letter dated June 19, 2007 and postmarked June 20, 2007, Defendants responded to Miss Polonsky's USCIS FOIA Request stating that no records responsive to her Request could be located and that she may appeal that decision if she wished. The letter and a copy of the envelope in which it was sent are attached as Exhibit J.

29.    In a letter dated June 20, 2007 and postmarked June 21, 2007, Defendants responded to Miss Polonsky's CBP FOIA Request stating that no records responsive to her Request could be located and she may appeal that decision if she wished. The letter and a copy of the envelope in which it was sent are attached as Exhibit K.

30.    On August 17, 2007, Miss Polonsky appealed the no-records decision pertaining to her CBP FOIA Request. The appeal complied with Defendants' appeal procedures and referenced the control number issued to Miss Polonsky's CBP FOIA Request. The appeal elaborated on what records were being sought, clarifying that a complete copy of Miss Polonsky's administrative file was being requested. That appeal was received by Defendants on August 21, 2007. The appeal and proof of its receipt are attached as Exhibit L.

31.    On August 17, 2007, Miss Polonsky appealed the no-records decision pertaining to her USCIS FOIA Request. The appeal complied with Defendants' appeal procedures and referenced the control number issued to Miss Polonsky's USCIS FOIA Request. The appeal elaborated on what records were being sought, clarifying that a complete copy of Miss Polonsky's administrative file was being requested. That appeal was received by Defendants on August 21, 2007. The appeal and proof of its receipt are attached as Exhibit M.

32.    In a letter dated August 27, 2007 and postmarked September 17, 2007, Defendants replied to Miss Polonsky's appeal of the no-records decision regarding her

FOIA Request filed with USCIS. The reply stated that the Request was being remanded for a further search and issued a reference number: "APP2007000816." The reply letter and a copy of the envelope in which it was sent are attached as Exhibit N.

33.    On October 12, 2007, Miss Polonsky sent via facsimile to Defendants an amendment/ supplement to her remanded USCIS FOIA Request as well as a status-update request. The amendment/supplement and status-update request provided the applicable control number and prior appeal number, attached several documents to assist Defendants in searching for the requested records, and included as part of its Request all relevant documents that were once in the possession of the Legacy Immigration and Naturalization Service. The facsimile was in compliance with the procedures pertaining to USCIS FOIA requests. The FOIA Request amendment/supplement and status-update request, with pages separating the attachments added in, as well as proof of its receipt are attached as Exhibit A.

34.    On October 12, 2007, Miss Polonsky sent a new FOIA Request to Defendants regarding her administrative file in the possession of CBP. The new FOIA Request was in compliance with the recently updated procedures for filing FOIA Requests with CBP. This new FOIA Request was submitted to elucidate that Miss Polonsky was seeking records from CBP separately from the records she was seeking from USCIS. The new CBP FOIA Request was received by CBP on October 15, 2007. The October 12, 2007 CBP FOIA Request, with pages separating the attachments added in, as well as proof of its receipt are attached as Exhibit B.

35.    On November 7, 2007, Miss Polonsky submitted a FOIA Request status-update request regarding the new FOIA Request she filed with CBP. The status-update request was received by Defendants on November 13, 2007, referenced the control number from the original CBP FOIA Request, and explained how the control number was for an older FOIA Request. The status-update request also requested that a receipt

1  be issued for the new CBP FOIA Request. The status-update request, which included the
2  October 12, 2007 CBP FOIA Request as an attachment and with pages separating the
3  attachment and sub-attachments added in, and proof of its receipt are attached as Exhibit
4  O.

5      36.    Also on November 7, 2007, in treating the lack of any response by
6  Defendants to her October 12, 2007 new CBP FOIA Request as a denial of that Request,
7  Miss Polonsky submitted a FOIA Request Appeal to CBP. The appeal included the
8  October 12, 2007 new CBP FOIA Request and the November 7, 2007 status-update
9  request. The appeal was received by Defendants on November 17, 2007. The appeal,
10 with pages separating the attachments and sub-attachments added in, and proof of its
11 receipt are attached as Exhibit P.
12

13     37.    Also on November 7, 2007, Miss Polonsky submitted via facsimile a
14 follow-up inquiry regarding the October 12, 2007 amendment/supplement and status-
15 update request for the remanded USCIS FOIA Request. The follow-up inquiry, with
16 pages separating the attachment and sub-attachments added in, and proof of its receipt by
17 Defendants are attached as Exhibit Q.

18     38.    Also on November 7, 2007, Miss Polonsky treated the lack of any response
19 by Defendants to her October 12, 2007 USCIS FOIA amendment/supplement as a denial
20 of that Request amendment/supplement and filed an appeal of that effective denial. Miss
21 Polonsky attached all relevant prior correspondence and other documents to assist
22 Defendants in adjudicating the appeal. The appeal referenced the original USCIS FOIA
23 Request control number and prior appeal number. The appeal, with pages inserted to
24 separate the attachments and sub-attachments, and proof of its November 13, 2007
25 receipt by Defendants are attached as Exhibit R.
26

27     39.    In a letter dated November 14, 2007 and postmarked November 16, 2007,
28 Defendants appeared to have responded to Miss Polonsky's November 7, 2007 appeal by

1    stating that no records responsive to her Request were located. The November 14, 2007
2    letter provides a different reference number: "PPO2007000127," states that Defendants
3    would find it preferable if the appeals procedure is not followed immediately in the event
4    of another FOIA request by Miss Polonsky to USCIS so that Defendants have adequate
5    time to conduct such a new search, and that the no-records decision could be reviewed
6    by a Federal Court. The November 14, 2007 letter and a copy of the envelope in which it
7    was sent are attached as Exhibit S.

8    40.    In a letter dated November 20, 2007 and postmarked November 27, 2007,
9    Defendants restated that they could not locate any records responsive to Miss Polonsky's
10   USCIS FOIA Request. The November 20, 2007 letter provided the same reference
11   number as the November 14, 2007 letter: "PPO2007000127," referenced the November
12   14, 2007 letter, and advised Miss Polonsky to seek relevant records from CBP if she
13   entered the United States as a visitor. The November 20, 2007 letter however did not
14   reference the approved waiver listed on Miss Polonsky's valid Class B1/B2 visa, a
15   photocopy of which was submitted to Defendants in prior correspondence regarding
16   Miss Polonsky's USCIS FOIA Request. The November 20, 2007 letter and a copy of the
17   envelope in which it was sent are attached as Exhibit T.
18

19   41.    In a letter dated November 27, 2007 and postmarked November 30, 2007,
20   Defendants responded to Miss Polonsky's October 12, 2007 new FOIA Request filed
21   with CBP. The November 27, 2007 letter provided a reference number: "2008F0792"
22   and stated that nineteen pages matched the October 12, 2007 new CBP FOIA Request
23   and all nineteen pages were enclosed with the November 27, 2007 letter. However,
24   significant portions of the response were blacked out. Also, none of the documents
25   pertained to any admissions to the United States made by Miss Polonsky prior to the
26   latest issuance of her valid Class B1/B2 visa, which was last issued in September 2003.
27   The November 27, 2007 letter, its enclosures, and a copy of the envelope in which it was
28   sent are attached as Exhibit U.

-12-

42.   On December 18, 2007, Miss Polonsky appealed the decision by Defendants regarding her October 12, 2007 new CBP FOIA Request.  The appeal included the November 27, 2007 letter and the nineteen-page response Defendants provided and listed the reference number that was listed on Defendant's November 27, 2007 letter. To this day, Miss Polonsky has not received even a notice of receipt of that appeal despite a United States Postal Service return receipt being received by Miss Polonsky.  The appeal, its enclosures, separated by a page that is added in, and proof of its receipt by Defendants on December 26, 2007 are attached as Exhibit V.

43.   On January 22, 2008, Miss Polonsky received a notice of receipt from Defendants of her appeal dated and postmarked January 16, 2008 regarding her new CBP FOIA Request.  The notice of receipt states to whom the inquiry was assigned. The notice of receipt and a copy of the envelope in which it was sent are attached as Exhibit W.

44.   As of today, Defendants have not complied with Miss Polonsky's FOIA Requests.  More than thirty days have elapsed since Miss Polonsky properly filed all timely appeals to the responses, or lack thereof, by Defendants regarding her properly filed FOIA Requests.  More than eight months have passed since Miss Polonsky filed her original FOIA Requests.

45.   Plaintiff is the requestor of the records which Defendants are now unlawfully withholding and has requested these documents to ascertain the reasoning behind her continued mistreatment at the Port of Entry when she seeks admission to the United States and to prepare to obtain a new Class B1/B2 visa without such a waiver upon expiration of her current valid Class B1/B2 visa. Plaintiff has already been injured by Defendants' delay and refusal in producing the records because she is halted every she presents herself for inspection upon arriving in the United States and is referred to time-consuming secondary inspection where she is not provided any valid basis as to

1  why she continues to be referred to secondary inspection and forced to wait sometimes

2  several hours each time simply to be told that there was no valid reason to do so.

3     46.    Miss Polonsky is in fact and in law eligible to be admitted to the United

4  States and eligible to receive a valid Class B1/B2 visa to enter the United States.

5  Defendants' continued unlawful refusal to provide her the requested documents therefore

6  further injures her because she is unable to ascertain the basis for why she has been

7  mistreated.

8     46.    Miss Polonsky is in fact and is in law a person of good moral character.

9     47.    Defendants have acted unreasonably and unlawfully in refusing to comply

10 with Miss Polonsky's FOIA Requests to USCIS and CBP.

11    48.    Defendants' actions violate the due process of law.

12    49.    Defendants' actions are arbitrary, capricious, and unlawful.

13                **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14    50.    Plaintiff has exhausted her administrative remedies in this matter.    The

15 Freedom of Information Act statute provides that "[a]ny person making a request to any

16 agency for records . . . shall be deemed to have exhausted his administrative remedies

17 with respect to such request if the agency fails to comply with the applicable time limit

18 provisions." 5 U.S.C. § 552(a)(6)(C)(i); see also Pollack v. Dept. of Justice, 49 F.3d 115

19 (4th Cir. 1995), cert. denied 516 U.S. 843.    In this case, Defendants have failed to

20 respond completely to Plaintiff's FOIA Requests within 20 days as required by 5 U.S.C.

21 § 552(a)(6)(A)(i). Defendants have also failed to respond completely to Plaintiff's FOIA

22 Request appeals.    Any responses made by Defendants to Plaintiff's FOIA Request

23 appeals states that review of that response may be sought in Federal Court.  Plaintiff has

made several attempts to inform Defendants of the necessity of the records requested, and she is left with no option other than to seek redress in Federal Court.

## FIRST CAUSE OF ACTION

### Violation of the Freedom of Information Act

51.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

52.  Defendants' continued refusal to comply with Plaintiff's Freedom of Information Act Requests violates the Freedom of Information Act.

## SECOND CAUSE OF ACTION

### Violation of Immigration and Nationality Act and Regulations

53.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

54.  Defendants' continued refusal to comply with Plaintiff's Freedom of Information Act Requests violates the Immigration and Nationality Act, insofar as the government bears the burden to show that the delay in this matter and the withholding of the records is justified.

## THIRD CAUSE OF ACTION

### Claim for Injunctive Relief

55.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56.  Plaintiff has a legal right to obtain complete responses to her FOIA Requests that she first made through counsel on May 22, 2007 and amended/supplemented, followed up on, and appealed. There exists no legal basis for Defendants' failure to respond and make available the requested records. Defendants' failure to make properly available the records sought by Plaintiff's Requests violates 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A)(i). Plaintiff has already suffered great harm,

1   prejudice, and injury by Defendants' failure.  Unless relief is promptly and permanently

2   granted by this Court, Plaintiff will suffer great and irreparable damage and injury

3   because she will continue to be referred to secondary inspection unreasonably upon her

4   arrival in the United States and will not be able to prepare to apply for a new Class

5   B1/B2 visa upon expiry of her current valid Class B1/B2 visa.

6

7                              **PRAYER FOR RELIEF**

8       WHEREFORE, Plaintiff Belinda Polonsky de Litchi respectfully requests that the

9   Court grant the following relief:

10          1)     Assume jurisdiction of this matter;

11          2)     Enter judgment in favor of Miss Polonsky and order the immediate

12                 release of Plaintiff's entire and complete administrative files;

13          3)     Declare that Defendants' withholding of the records violates the

14                 Freedom of Information Act and the Immigration and Nationality

15                 Act;

16          4)     Declare that Plaintiff is in fact and in law eligible to obtain a Class

17                 B1/B2 visa;

18          5)     Grant Miss Polonsky's reasonable attorneys' fees, costs, and other

19                 disbursements pursuant to the Equal Access to Justice Act, 28 U.S.C.

20                 2412; and

21          6)     Grant such other relief as the Court deems just and equitable.

22

23   DATED: January 28, 2008              ASHERSON, KLEIN & DARBINIAN
                                          NEVILLE ASHERSON, ESQ.
24                                        ANNA DARBINIAN, ESQ.
                                          LEON HAZANY, ESQ.
25                                        ANISH VASHISTHA, ESQ.

26

27                                        Attorneys for Plaintiff

28

                                    -16-

## PROOF OF SERVICE

I, the undersigned, say: my business address is 1301 W. 2nd St., Los Angeles, CA 90025. I am over the age of eighteen years, not a party to the above-entitled action and at the time of service was employed by Now Legal Services in Los Angeles County, California.

On January 29, 2008, I served the within document(s) described as: SUMMONS; COMPLAINT FOR RELIEF AND EXHIBITS A-W IN SUPPORT THERETO; and NOTICE OF INTERESTED PARTIES on the interested party(ies) in this action as follows:

I personally delivered a true and correct copy of each document identified herein to the addressee(s) noted below:

**United States Attorneys Office**
**300 N. Los Angeles Street, 7th Floor**
**Los Angeles, CA 90012**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on January 29, 2008, at Los Angeles, California.

_____

, Declarant

## PROOF OF SERVICE BY UNITED STATES MAIL

I, the undersigned, say: my business address is 9150 Wilshire Blvd., Suite 210, Beverly Hills, California, 90212; I am over the age of eighteen years; I am not a party to the above-entitled action; and at the time of service I was employed by Asherson, Klein & Darbinian.

On January 29, 2008, I served the within document(s) described as: "SUMMONS; COMPLAINT FOR RELIEF AND EXHIBITS A-W IN SUPPORT THERETO; and NOTICE OF INTERESTED PARTIES" on the interested party(ies) in this action as follows:

I enclosed a true and correct copy of the documents described herein in a sealed envelope, with postage thereon fully prepaid, and I deposited said envelope in the United States Mail, in Los Angeles County, California and I caused each such envelope, with a certificate of mailing and return receipt requested and first-class postage thereon to be deposited in a recognized place of deposit of the United States Mail for collection and mailing to the office of the addressees shown on the attached "Service List" on January 29, 2008 following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was EXECUTED on January 29, 2008 at Beverly Hills, California.

_____
Anish Vashistha, Declarant

-18-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>SERVICE LIST</u>
### (ATTACHMENT TO - PROOF OF SERVICE BY UNITED STATES MAIL)

The United States Attorney's Office
Civil Division
Room 7516, Federal Building
300 N. Los Angeles Street
Los Angeles, CA 90012

Michael Chertoff
Secretary, Department of Homeland Security
U.S. Department of Homeland Security
Washington, DC 20528

Emilio T. Gonzalez
Director, U.S.C.I.S.
20 Massachusetts Ave, NW, Rm. 402
Washington, DC 20536

W. Ralph Basham, Commissioner
United States Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

Magda S. Ortiz, Director, Freedom of Information Act/ Privacy Act Branch
United States Citizenship and Immigration Services
111 Massachusetts Ave., N.W., 4th Floor, ULLICO Building
Washington, DC 20529

T. Diane Cejka, National Records Center Director
United States Citizenship and Immigration Services
150 Space Center Loop, Suite 300
Lee's Summit, MO 64064-8010

Mark Hanson, Acting Director, Freedom of Information Act Division
United States Customs and Border Protection, Office of International Trade
1300 Pennsylvania Ave., NW
Washington, DC 20229

1          Shari Suzuki, Chief, FOIA Appeals, Policy and Litigation Branch
2  United States Customs and Border Protection, Office of International Trade
3                    1300 Pennsylvania Ave., NW
                         Washington, DC 2022

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Neville Asherson, (SBN 73745)
   Anna Darbinian, (SBN 200828)
2  Leon Hazany (SBN 229063)
   Anish Vashistha, (SBN 244276)
3  ASHERSON, KLEIN & DARBINIAN
   9150 Wilshire Blvd., Suite 210
4  Beverly Hills, California 90212
   Telephone: (310) 247-6070
5  Facsimile: (310) 278-8454
   Anish@Asherson.Net
6
   Attorneys for Plaintiff,
7    BELINDA POLONSKY DE LITCHI

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  BELINDA POLONSKY DE LITCHI        )  CV NO. 08-00584 RGK (AGRx)
                                      )
12            Plaintiff,              )  NOTICE OF ONLY MANUAL FILING
                                      )  OF EXHIBITS A-W BECAUSE OF
13                                    )  INABILITY TO FILE
       vs.                            )  ELECTRONICALLY DUE TO SIZE
14                                    )
15  MICHAEL CHERTOFF, SECRETARY,      )
    UNITED STATES DEPARTMENT OF       )
16  HOMELAND SECURITY; MICHAEL B.     )
    MUKASEY, ATTORNEY GENERAL OF      )
17  THE UNITED STATES; EMILIO T.      )
    GONZALEZ, DIRECTOR, UNITED        )
18  STATES CITIZENSHIP AND            )
19  IMMIGRATION SERVICES; W. RALPH    )
    BASHAM, COMMISSIONER, UNITED      )
20  STATES CUSTOMS AND BORDER         )
21  PROTECTION; MAGDA S. ORTIZ,       )
    DIRECTOR, FREEDOM OF              )
22  INFORMATION ACT/PRIVACY ACT       )
    BRANCH, UNITED STATES             )
23  CITIZENSHIP AND IMMIGRATION       )
24  SERVICES; T. DIANE CEJKA,         )
    NATIONAL RECORDS CENTER           )
25  DIRECTOR, UNITED STATES           )
26  CITIZENSHIP AND IMMIGRATION       )

-1-

1  SERVICES; MARK HANSON, ACTING    )
2  DIRECTOR, FREEDOM OF    )
3  INFORMATION ACT DIVISION,    )
   UNITED STATES CUSTOMS AND    )
4  BORDER PROTECTION; SHARI    )
5  SUZUKI, CHIEF, FREEDOM OF    )
   INFORMATION ACT APPEALS,    )
6  POLICY AND LITIGATION BRANCH,    )
7  UNITED STATES CUSTOMS AND    )
   BORDER PROTECTION; AND UNITED    )
8  STATES DEPARTMENT OF    )
9  HOMELAND SECURITY,    )
                                          )
10                        Defendants.    )
11 _____ )

**NOTICE OF ONLY MANUAL FILING OF EXHIBITS A-W BECAUSE OF**

**INABILITY TO FILE ELECTRONICALLY DUE TO SIZE**

Exhibits A-W were filed manually with the Court on January 29, 2008.  Because their size exceeds emailing capacity, they will not be filed electronically with the Court.

DATED: January 30, 2008                    ASHERSON, KLEIN & DARBINIAN
                                            NEVILLE ASHERSON, ESQ.
                                            ANNA DARBINIAN, ESQ.
                                            LEON HAZANY, ESQ.
                                            ANISH VASHISTHA, ESQ.


                                            Attorneys for Plaintiff

-2-

Neville Asherson, Esq. SBN 737⁓ͻ
Anish Vashistha, Esq. SBN 244276
Asherson, Klein & Darbinian
9150 Wilshire Blvd., Suite 210
Beverly Hills, CA 90212
Phone: (310) 247-6070/ Facsimile: (310) 278-8454

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELINDA POLONSKY DE LITCHI, | CASE NUMBER |
| PLAINTIFF(S) | |
| v. | CV08-00584 AGK (AGRx) |
| MICHAEL CHERTOFF, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al. (See Attached) | |
| DEFENDANT(S). | SUMMONS |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Neville Asherson, Esq. _____, whose address is:

Asherson, Klein & Darbinian
9150 Wilshire Blvd., Suite 210
Beverly Hills, CA 90212
Phone: (310) 247-6070
Facsimile: (310) 278-8454

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __60__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.


Clerk, U.S. District Court

Dated: ____ JAN 2 9 2008 ____

By: ____ NATALIE LONGORIA ____
       Deputy Clerk

       (Seal of the Court)

ATTACHMENT TO SUMMONS

BELINDA POLONSKY DE LITCHI,

       Plaintiff,

vs.

MICHAEL CHERTOFF, SECRETARY, UNITED STATES
DEPARTMENT OF HOMELAND SECURITY; MICHAEL B.
MUKASEY, ATTORNEY GENERAL OF THE UNITED STATES;
EMILIO T. GONZALEZ, DIRECTOR, UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES; W. RALPH BASHAM,
COMMISSIONER, UNITED STATES CUSTOMS AND BORDER
PROTECTION; MAGDA S. ORTIZ, DIRECTOR, FREEDOM OF
INFORMATION ACT/PRIVACY ACT BRANCH, UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES; T. DIANE CEJKA,
NATIONAL RECORDS CENTER DIRECTOR, UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES; MARK HANSON,
ACTING DIRECTOR, FREEDOM OF INFORMATION ACT DIVISION,
UNITED STATES CUSTOMS AND BORDER PROTECTION; SHARI
SUZUKI, CHIEF, FREEDOM OF INFORMATION ACT APPEALS,
POLICY AND LITIGATION BRANCH, UNITED STATES CUSTOMS
AND BORDER PROTECTION; AND UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

       Defendants.