1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Neville Asherson, (SBN 73745)
Anna Darbinian, (SBN 200828)
Leon B. Hazany, (SBN 229063)
Anish Vashistha, (SBN 244276)
ASHERSON, KLEIN & DARBINIAN
9150 Wilshire Blvd., Suite 210
Beverly Hills, California 90212
Telephone: (310) 247-6070
Facsimile: (310) 278-8454
Anish@Asherson.Net

Attorneys for Plaintiff,
  BELINDA POLONSKY DE LITCHI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BELINDA POLONSKY DE LITCHI, | ) Case No.: CV 08-00584 RGK (AGRx) |
| | ) |
| Plaintiff, | ) PLAINTIFF'S OPPOSITION TO |
| | ) FEDERAL DEFENDANTS' MOTION |
| vs. | ) TO DISMISS FOR IMPROPER VENUE, |
| | ) OR IN THE ALTERNATIVE, TO |
| MICHAEL CHERTOFF, et al., | ) TRANSFER VENUE |
| | ) |
| Defendants. | ) Date: June 9, 2008 |
| | ) Time: 9:00 a.m. |
| | ) Courtroom: 850 |
| | ) |
| | ) The Honorable R. Gary Klausner |
| | ) United States District Judge |
| _____ | ) |

**INTRODUCTION**

Plaintiff is a Mexican citizen with a valid visa to the United States who is

subjected to unnecessary and unreasonable delays each time she enters the United States

because she is always referred by Defendants to "secondary inspection" upon her

-1-

1   presenting herself to Defendants for "primary inspection." The reason for the delays is

2   either a notation on her valid visitor's visa stating that Plaintiff has been issued a waiver

3   to obtain her visa or information within Defendants' database that causes the primary

4   inspecting officer to refer Plaintiff to secondary inspection. The waiver was issued to

5   Plaintiff in 1989 because she successfully proved that she warrants it despite having

6   worked in the United States in 1985 in violation of the terms of her student visa. Almost

7   twenty years later, Plaintiff must wait prolonged periods of time, many times hours,

8   before she is admitted to the United States because of the unreasonable delays of

9   secondary inspection. These delays sometimes follow long flights from overseas.

10  Plaintiff's children are sometimes with her while she waits, and they are all treated as

11  illegal immigrants. They feel degraded and humiliated and are denied food and drink

12  while they wait. Other family members who travel with Plaintiff must also wait

13  prolonged periods of time, many times hours, for Plaintiff to come out of secondary

14  inspection. The secondary inspection process always ends with the secondary inspecting

15  officer simply admitting Plaintiff without incident. Nevertheless, Plaintiff is subjected to

16  these unreasonable delays each time she attempts to enter the United States.

17          Plaintiff makes frequent trips to the United States as a visitor in compliance with

18  the terms of her visitor's visa. Sometimes she flies to Los Angeles International Airport.

19  In fact, Plaintiff plans on flying into Los Angeles International Airport more frequently

20  in pursuit of her business. She also has close family relations in the Los Angeles,

21  California area. Some of the longest delays for and worst mistreatment of Plaintiff occur

22  in secondary inspection at Los Angeles International Airport. Los Angeles International

23  Airport is within the jurisdiction of the Central District of California.

24          Plaintiff has detailed the delays, her mistreatment, and her desire for them to stop

25  in her attached declaration. She also discusses how she will need to apply for a new visa

26  in September 2008 and wishes that either the notation on her visa stating that she has

27  been issued a waiver be absent from her new visa or that the information within

28  Defendants' database be altered so that she is no longer needlessly referred to secondary

1 | inspection each time she arrives in the United States.  Defendants have facilities,

2 | operations, and personnel within the jurisdiction of the Central District of California.

3 |       Nevertheless, Defendants have reduced Plaintiff's complaint to their violations of

4 | the Freedom of Information Act ("FOIA Statute") despite Plaintiff's discussion in her

5 | complaint of the abuses she suffers while in secondary inspection.  Defendants argue that

6 | Plaintiff has established no connection to California, other than the fact that her lawyers

7 | are located in California, despite her substantial business and familial connections to the

8 | Los Angeles area, as explained in her attached declaration.  Defendants also argue that

9 | Defendants' relevant agency records for United States Customs and Border Protection

10 | ("CBP") are located in the District of Columbia, despite CBP's records being stored in

11 | an electronic database accessible by Defendants at any United States Port of Entry.

12 | Defendants further argue that Defendants' relevant agency records for United States

13 | Citizenship and Immigration Services ("USCIS") appear to be located in Lee's Summit

14 | Missouri despite USCIS's response to Plaintiff that no records were found.  Based on

15 | these arguments, Defendants conclude that venue is improper in the Central District of

16 | California and move the Court either to dismiss Plaintiff's complaint pursuant to Rule

17 | 12(b)(3) or to transfer the matter to the District of Columbia pursuant to 28 U.S.C. §

18 | 1406(a).  Because venue is proper in the Central District of California, Defendants'

19 | motion should be denied.

**ARGUMENT**

**I. Venue is Proper in the Central District of California Because a Substantial Part of the Events and Omissions Giving Rise to the Claim Occurred in the Jurisdiction of this Court**

24 |       Defendants argue incorrectly that venue is improper in the Central District of

25 | California because the FOIA Statute mandates that the matter be heard in the District of

26 | Columbia.  See Defendant's Motion at 3; see also 5 U.S.C. § 552(a)(4)(B).  However,

27 | Plaintiff stated in her complaint that venue was proper not only under the FOIA Statute

28 | but also under 28 U.S.C. § 1391(e).  Moreover, Plaintiff discusses in her complaint, and

1    expands on that discussion in her attached declaration, how she suffers mistreatment and

2    unreasonable delay while in secondary inspection, particularly within the secondary

3    inspection unit of Los Angeles International Airport.  28 U.S.C. § 1391(e) states that a

4    "civil action in which a defendant is an officer or employee of the United States … may,

5    except as otherwise provided by law, be brought in any judicial district in which … (2) a

6    substantial part of the events or omissions giving rise to the claim occurred."  Plaintiff

7    has filed a civil action in which multiple defendants are an officer or employee of the

8    United States.  Therefore, venue is proper in the Central District of California.

9          Although Plaintiff's complaint discusses Defendants' refusal to provide

10   administrative records, it also discusses mistreatment and unreasonable delays caused by

11   Defendants.  Some of the most egregious delays and forms of mistreatment occur when

12   Plaintiff arrives in Los Angeles International Airport.  Plaintiff plans on flying to Los

13   Angeles International Airport more frequently in the future because the success of her

14   business requires it.  Moreover, CBP has a field operations office in both Long Beach,

15   California and Los Angeles, California, and USCIS has a District Office in Los Angeles,

16   California.  As a result, Defendants have availed themselves in the Central District of

17   California.  Defendants' disingenuous attempt to reduce Plaintiff's complaint to simply a

18   complaint under the FOIA Statute without addressing Plaintiff's mistreatment by

19   Defendants within the jurisdiction of the Central District of California should not be

20   permitted to persuade the Court to dismiss the matter.  Venue remains proper in the

21   Central District of California.

22   **II. Under the FOIA Statute Alone, Venue is Proper in the Central District of**

23       **California**

24         Alternatively, should Plaintiff's complaint be erroneously reduced to simply a

25   complaint under the FOIA Statute, venue remains proper under 5 U.S.C. § 552(a)(4)(B).

26   Defendants argue that because the requested agency files are not in the Central District

27   of California, venue is not proper in the Central District of California.  See Defendants'

28   Motion at 3-4.  Defendants add that because Plaintiff has no connection to California

-4-

1    other than California being the location of her attorneys, venue is not proper in the

2    Central District of California.  See id. at 3.  Both of these arguments are meritless.

3        First, many of the requested agency records are within the Central District of

4    California.  Defendants state that CBP's relevant records are in the District of Columbia

5    and that USCIS's relevant records, if in existence, are in Lee's Summit, Missouri.  See

6    id. at 3-4.  Defendants add that Plaintiff's FOIA Request to CBP was submitted to the

7    District of Columbia and that Plaintiff's FOIA Request to USCIS was submitted to Lee's

8    Summit, Missouri.  See id. at 3.  Defendants cite a non-binding case from the Northern

9    District of New York for the proposition that because Plaintiff filed her FOIA Requests

10   in a district other than the district in which she filed her complaint, venue is proper in the

11   District of Columbia.  See id. at 3; see also Schwarz v. Internal Revenue Serv., 998 F.

12   Supp. 201, 203 (N.D.N.Y. 1998).  The facts stated by Defendants and the case law cited

13   by Defendants are not relevant to Plaintiff's matter.

14       Plaintiff filed her FOIA Request with CBP in the District of Columbia not because

15   that is the location of the agency records being sought but because that is the filing

16   procedure as dictated by CBP.  See CBP's FOIA Reference Guide Website

17   (http://www.cbp.gov/xp/cgov/admin/fl/foia/making_a_request/reference_guide.xml).

18   Previously, FOIA Requests were submitted to the specific CBP field office where the

19   records were kept, but CBP centralized its FOIA Request office in Washington, DC.  See

20   id.

21       Moreover, CBP's relevant records are electronic and can be accessed by CBP

22   personnel at any United States Port of Entry.  See Privacy Act System of Records, 71

23   Fed. Reg. 64543-64546 (November 2, 2006).  The secondary inspection officers at the

24   Los Angeles International Airport, the location where the most egregious mistreatment to

25   and delays for Plaintiff takes place, create some of the records Plaintiff seeks.  Plaintiff

26   also flies into New York, New York and Miami, Florida where more records pertaining

27   to her are created by CBP secondary inspection officers.  All of these records are

28   accessible by CBP personnel at any United States Port of Entry because they are kept in

1   an electronic database as described in the Federal Register.  See id.  To conclude that

2   CBP's relevant agency records are in the District of Columbia because that is where

3   Plaintiff's FOIA Request was submitted is disingenuous because all CBP FOIA Requests

4   are to be submitted to the District of Columbia and because the relevant records can be

5   accessed electronically by CBP Officers throughout the country.  Also, because the

6   secondary inspection officers who created records of Plaintiff's arrivals into Los Angeles

7   International Airport are the same officers responsible for the worst treatment and delays

8   experienced by Plaintiff when she arrives in the United States, the Central District of

9   California remains the best venue for the instant matter because Los Angeles

10  International Airport is within the jurisdiction of the Central District of California.

11         Plaintiff filed her FOIA Request with USCIS in Lee's Summit, Missouri also

12  because that is the location to where all FOIA Requests are to be submitted under

13  USCIS's procedures, not because that is the location of the relevant records.  See

14  USCIS's FOIA Website (http://www.uscis.gov/portal/site/uscis/menuitem.eb1d4c2a3e5

15  b9ac89243c6a7543f6d1a/?vgnextoid=34139c7755cb9010VgnVCM10000045f3d6a1RC

16  RD&vgnextchannel=34139c7755cb9010VgnVCM10000045f3d6a1RCRD).  Moreover,

17  Defendants responded to Plaintiff's FOIA Request to USCIS with a notice that no

18  requested records could be located.  Therefore, if Defendants' own statement were taken

19  as true, the relevant agency records could not be in Lee's Summit, Missouri because the

20  relevant records would not exist.  Plaintiff believes the records sought do exist but does

21  not know for certain where they are being maintained.  Defendants' conclusion that

22  Plaintiff's filing of her USCIS FOIA Request in Lee's Summit, Missouri evidences that

23  venue is not proper in the Central District of California when Plaintiff was simply

24  following FOIA Request filing procedures and when Defendants state that the requested

25  records could not even be located is once again disingenuous.  Because Plaintiff is

26  unaware of the exact location of USCIS's relevant records and because both CBP's

27  relevant records and CBP's personnel who caused the worst mistreatment of and delays

28

-6-

1  for Plaintiff are in the jurisdiction of the Central District of California, venue is proper in

2  the Central District of California.

3       Second, as stated in Plaintiff's attached declaration, Plaintiff has strong ties to the

4  Central District of California and intends to visit the Central District of California more

5  often in the future because such trips are vital to the success of her business.  Plaintiff

6  expects to experience more mistreatment and delays in the secondary inspection unit of

7  Los Angeles International Airport during those future trips.  Therefore, based on the

8  location of many of the relevant records and personnel being within the jurisdiction of

9  the Central District of California and based on Plaintiff's substantial ties to the Central

10  District of California, venue remains proper in the Central District of California.

11                                    **CONCLUSION**

12       Plaintiff has established that venue is proper in the Central District of California and

13  that Defendants' motion should be denied.  However, should the Court find otherwise,

14  Plaintiff requests that the Court, instead of dismissing the matter, transfer the matter to

15  whichever venue the Court deems appropriate.

16  DATED May 23, 2008                    ASHERSON, KLEIN & DARBINIAN
                                          ANISH VASHISTHA, ESQ.
17

18

19                                        Attorneys for Plaintiff,
                                          Belinda Polonsky de Litchi
20

21

22

23

24

25

26

27

28

## Declaration of Belinda Polonsky de Litchi

I, Belinda Polonsky de Litchi, declare as follows:

1. The following facts are within my personal knowledge and belief and if asked, I could and would competently testify thereto under oath. I swear under the penalty of perjury that the following is true and correct.

2. My name is Belinda Polonsky de Litchi. I am a citizen of Mexico with a valid visitor's visa to the United States. I am the plaintiff in case number CV 08-00584 RGK (AGRx).

3. In September 2008, I will have to apply for a new visitor's visa to the United States because my current visa will expire. However, each time I obtain a new visa, the visa contains language stating that I have been granted a waiver.

4. Each time I attempt to enter the United States, I am referred by the primary inspecting immigration officer to what is called secondary inspection. The waiver language on my visa or something in the primary inspection officer's database is, I believe, the reason why I am always referred to secondary inspection each time I attempt to enter the United States. I make frequent trips to the United States, and I at times ask the primary inspection officer why I am being referred to secondary inspection, and the officer tells me that I have a waiver and that is the reason why I am being referred to secondary inspection.

5. The referrals to secondary inspection every time I arrive in the United States leads to delays, sometimes extremely long delays. If I am traveling with family members, they have to wait sometimes many hours for me to come out of secondary inspection. Also, I travel with my kids many times, and we are left to stand for several hours without food or drink. For my kids and me, it is always a degrading and many times scary process, and we feel treated like illegal immigrants who are not wanted. The entire process is very taxing on my family and me. Each referral ends with the secondary inspecting officer simply letting me enter the country. Many times the secondary inspecting officer tells me he or she doesn't know why I was referred to him or her.

6. I was first given a waiver in 1989. I believed I was required to receive such a waiver because in 1985, I was found to have been working while attending college in the United States in student status. Working while in student status was a violation of the terms of my visa. When I applied for my visitor's visa, I was told I would need a waiver, for which I applied and which I received.

7. Several years have now passed since being issued the waiver, and I do not believe I am required to have the waiver anymore to obtain a visitor's visa. Nevertheless, each time I apply for a new visa, the waiver language is placed on my visa. I believe that the new visa I will be issued in September will also

Declaration of                                    1/3
Belinda Polonsky de Litchi

contain the waiver language. Even if the waiver language is removed from my visa, I fear that I will forever be subjected to terribly long delays each time I attempt to enter the United States because of the information the primary inspection officer will have in his database. I hope to have the waiver language absent from my new visa or at least have any information in the primary inspecting officer's database altered so that I am no longer referred to secondary inspection each time I attempt to enter the United States.

8.  My federal complaint was filed in the Central District of California because my trips to Los Angeles International Airport result in the some of the longest delays I experience when arriving in the United States. I made two trips to Los Angeles in 2007, and both times I was referred to secondary inspection and subjected to very long waiting times simply to be told that I could enter the United States without being questioned about anything. One of these trips to Los Angeles International Airport resulted in an extremely long wait time in secondary inspection. I was denied food and drink, and I did not feel I could do anything to speed up the process. It is my hope that my federal lawsuit will result in these secondary inspection officers, especially the ones at Los Angeles International Airport, no longer mistreating me when I arrive in the United States. It is also my understanding that Los Angeles International Airport is physically within the jurisdiction of the Central District of California.

9.  I now know that the primary and secondary inspection officers at the airport are a part of United States Customs and Border Protection, which operates multiple ports of entry within the jurisdiction of the Central District of California. It is also my understanding that United States Citizenship and Immigration Services, which like United States Customs and Border Protection is a part of United States Department of Homeland Security, has offices physically within the jurisdiction of the Central District of California. My federal complaint concerns multiple personnel from these two sub-agencies, both of which have operations, facilities, and personnel in the Central District of California.

10. Although I also make frequent trips to Miami, Florida and New York, New York, I plan to increase my trips to Los Angeles International Airport. I have strong business and familial ties to Los Angeles. For instance, I operate a small business which requires me to make trips to Los Angeles to inspect goods sold wholesale in Los Angeles. These goods sold wholesale in Los Angeles are vital to the continued existence of my business. For my business to succeed, I will be required to visit Los Angeles more frequently. Moreover, my maternal aunt and cousin live in Los Angeles County, and my husband's aunt resides in Bel Air, California.

11. I wish to obtain a new visitor's visa in September 2008 without the waiver language on my visa or with the information in the primary inspecting officer's database altered, so that each time I arrive in the United States, I am no longer subjected to the mistreatment by officers of the United States Department of

Declaration of                              2/3
Belinda Polonsky de Litchi

Homeland Security and no longer required to wait prolonged periods of time in secondary inspection while feeling degraded and being denied food or drink.

Sworn under the penalty of perjury of the laws of the United States of America, and signed this 23rd day of May 2008.

By:_____
              Belinda Polonsky de Litchi

Declaration of                                3/3
Belinda Polonsky de Litchi

ε·d