1  THOMAS P. O'BRIEN
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   ALARICE M. MEDRANO
4  Assistant United States Attorney
   California State Bar #166730
5  DEBORAH E. YIM
   Assistant United States Attorney
6  California State Bar #217400
           Room 7516, Federal Building
7          300 North Los Angeles Street
           Los Angeles, California 90012
8          Telephone: (213) 894-0460
                      (213) 894-2447
9          Facsimile: (213) 894-7819
           E-mail: alarice.medrano@usdoj.gov
10                 deborah.yim@usdoj.gov

11 Attorney for Federal Defendants, Michael Chertoff, et al.

12

13                 UNITED STATES DISTRICT COURT

14             FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                        WESTERN DIVISION

| | |
|---|---|
| 16 BELINDA POLONSKY DE LITICHI, | CV 08-00584 RGK (AGRx) |
| 17         Plaintiff, | |
| 18         v. | **REPLY BRIEF IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE** |
| 19 MICHAEL CHERTOFF, Secretary, USDHS; MICHAEL B. MUKASEY, Attorney General of the U.S.; EMILIO T. GONZÁLEZ, Director, USCIS; W. RALPH BASHAM, Commissioner, U.S. Customs and Border Protection; MAGDA S. ORTIZ, Director, Freedom of Information Act/Privacy Act Branch; USCIS; T. DIANE CEJKA, National Records Center Director, USCIS; MARK HANSON, Acting Director Freedom of Information Act Division, U.S. Customs and Border Protection; SHARI SUZUKI, Chief, Freedom of Information Act Appeals, Policy and Litigation Branch, U.S. Customs and Border Protection; and USDHS, | [Declarations of Shari Suzuki and Eric Banks Filed Concurrently Herewith]<br><br>Date:        June 9, 2008<br>Time:       9:00 a.m.<br>Courtroom: 850 |
| 27         Defendants. | |

28

## I. INTRODUCTION

In opposing Defendants' Motion to Dismiss for Improper Venue, Plaintiff relies upon the general venue statute (28 U.S.C. § 1391(e)) to support her argument that venue is proper in the Central District of California because she has traveled through Los Angeles International Airport (among other U.S. ports of entry) on many occasions and will be doing so with more frequency because of future business dealings. This case, however, has been filed under the Freedom of Information Act ("FOIA") and is therefore governed by the specific FOIA venue statute (5 U.S.C. § 552(a)(4)(B)), not the general venue statute in § 1391(e). The Complaint here is entirely based on alleged FOIA violations (and specifically, a failure to produce responsive documents) on the part of two government agencies, U.S. Customs and Border Protection ("CBP") and Citizenship and Immigration Services ("CIS"). Therefore, the FOIA venue statute governs, despite Plaintiff's attempt to downplay her own FOIA claim.

The FOIA indicates that venue is only proper: (1) where the plaintiff resides or has her principal place of business; (2) where agency records are situated; or (3) in the District of Columbia. Plaintiff concedes in the Complaint that she neither resides in nor has a principal place of business in California. However, she argues that agency records could be situated in California because CBP and CIS have field offices and ports of entry here, and the only reason she directed these requests to D.C. (for CBP) and Lee's Summit, Missouri (for CIS) was because she was required to do so pursuant to these agencies' FOIA filing procedures.

First, the plaintiff's reason for sending a FOIA request to a particular location is irrelevant for venue purposes; the question is and always has been <u>where</u> the FOIA request(s) was sent. Here, there is no dispute that the requests were sent to D.C. and Lee's Summit, Missouri.

Second, there are legitimate reasons for centralizing FOIA requests to one location. Specifically, FOIA requests for these agencies are now handled at these centralized locations, and not at field offices or ports of entry, because, among other things, the individuals with expertise, experience, and skill in responding to these FOIA requests and addressing FOIA exemptions are located there. (See Declarations of Shari Suzuki and Eric Banks, filed concurrently herewith.)

Accordingly, D.C. and Missouri are the only appropriate places of venue for purposes of this FOIA litigation. As the Complaint was improperly filed in the Central District of California, the Court should either dismiss the Complaint for improper venue or transfer the case to the U.S. District Court for the District of Columbia, which is where CBP's FOIA requests are handled and where documents are sought by Plaintiff. It is also the presumed, proper venue for all FOIA cases.

## II. LEGAL ARGUMENT

### A. **The FOIA Venue Statute Governs as This Complaint is Premised Entirely on Defendants' Purported FOIA Violations.**

Plaintiff first argues that venue in this case should be governed by 28 U.S.C. § 1391(e), the general venue provision – as opposed 5 U.S.C. § 552(a)(4)(B), the venue provision governing FOIA cases. Plaintiff relies on §1391(e) because, under that statute, she can argue that a substantial part of the events and omissions giving rise to her claim occurred in the Central District of California, and therefore, venue is proper here. (As discussed below, the latter is not a basis for FOIA venue under § 552(a)(4)(B).) The problem with this argument, however, is that Plaintiff's entire case and all of her claims are premised on Defendants' alleged failure to comply with the FOIA statute, and specifically, to produce documents responsive to her FOIA request. (See Complaint, pg. 15-16.) Accordingly, the FOIA's venue provision in § 552(a)(4)(B) controls over the more general venue provision in § 1391(e). *See Smith v. Flaherty,* 465 F. Supp. 815, 816, n. 1 (M.D. Pa. 1978).

**B. <u>Under the FOIA Venue Statute, Venue is Improper in the Central District of California as the Documents at Issue Are Situated in Either D.C. and/or Missouri.</u>**

As discussed in the Motion to Dismiss, venue under the FOIA is only proper "in the district in which the complainant resides or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Plaintiff concedes that she neither resides in nor has her principal place of business in California. Instead, she argues that the agency records at issue may be located in the Central District of California because CBP and CIS have field offices here and should be able to access records from these field offices. (Opp. 4:14-16.)

Regardless of whether or not these agencies have field offices in the Central District, the question is from where Plaintiff requested these records. *Schwarz v. Internal Revenue Serv.*, 998 F. Supp. 201, 203 (N.D.N.Y. 1998). Plaintiff argues that she only requested these documents from the District of Columbia (for CBP) and Lee's Summit, Missouri (for CIS) because that is where all FOIA requests to these agencies are now being handled and must be sent pursuant to the agencies' filing procedures. However, the plaintiff's motivation for sending a FOIA request to a particular location is not relevant for FOIA venue purposes. As indicated in the *Schwarz* case, the only question is <u>where</u> the plaintiff sends that particular FOIA request. In this case, there is no dispute that the FOIA requests were sent to the District of Columbia and Lee's Summit, Missouri. Although the *Schwarz* decision is from the Second Circuit, it is persuasive. Morover, Plaintiff cites no authority which criticizes *Schwarz* or holds differently. In fact, Plaintiff offers no reason for disregarding *Schwarz* other than the fact that she does not like its holding.

The fact of the matter is that centralizing FOIA requests to one location makes sense in the interests of efficiency and accuracy. If CBP and CIS are to

most efficiently and accurately respond to the hundreds of thousands of FOIA requests that are transmitted in the course of a year, it follows that such requests should be handled by individuals with expertise and skill in reviewing FOIA requests, locating and producing responsive documents, and addressing any particular FOIA exemptions. These individuals happen to work out of these agencies' FOIA offices, which were created for the specific purpose of handling FOIA requests. Moreover, individuals working in field offices outside these FOIA offices do not necessarily have permission to, nor can they, access all of the records at issue. (See Declaration of Shari Suzuki and Eric Banks, filed concurrently herewith.)

Because the agency records at issue are being sought from D.C. and Lee's Summit, Missouri, it is clear that venue clearly lies outside the Central District of California. Venue is most appropriate in D.C. (because CBP documents are being sought from that location) and it is the presumed, proper venue under the FOIA in the absence of any other proper venue.

### III. <u>CONCLUSION</u>

Based on the foregoing, this matter should be dismissed for improper venue pursuant to Rule 12(b)(3), or alternatively, transferred to the District Court for the District of Columbia or other more appropriate venue pursuant to 28 U.S.C. § 1406(a).

DATED: June 2, 2008

THOMAS P. O'BRIEN  
United States Attorney  
LEON W. WEIDMAN  
Assistant United States Attorney  
Chief, Civil Division

   /s/  
DEBORAH E. YIM  
Assistant United States Attorney  
Attorneys for Federal Defendants

1  I, Shari Suzuki, declare and state, as follows:
2  1. I am the Freedom of Information Act ("FOIA") Appeals Officer and
3  Chief of the FOIA Appeals, Policy and Litigation Branch (hereinafter, the "FOIA
4  Appeals Branch"), Regulations and Disclosure Law Division, Office of
5  Regulations and Rulings, in the Bureau of Customs and Border Protection
6  ("CBP"). Since April 2, 2006, I have been the official charged with the following
7  responsibilities: (1) giving guidance and instruction to CBP personnel regarding
8  the processing of FOIA requests; (2) adjudicating administrative appeals that
9  concern FOIA requests; and (3) overseeing all CBP activities related to
10 information disclosure under the FOIA.
11 2. The statements made in this Declaration are made on the basis of:
12 (1) my review of the official files and records of the FOIA Appeals Branch; (2) my
13 personal knowledge; and/or (3) information acquired by me in the course of the
14 performance of my official duties.
15 3. I am familiar with the procedures followed by CBP in responding to
16 the FOIA request and appeal of Plaintiff Belinda Polonsky de Litchi ("Plaintiff").
17 4. Pursuant to CBP policy, FOIA requests should be directed to CBP's
18 FOIA Division in Washington, D.C., where Plaintiff sent her FOIA request in this
19 case. Additionally, pursuant to CBP policy, FOIA appeals should be directed to
20 the FOIA Appeals Branch in Washington, D.C., where Plaintiff sent her FOIA
21 appeal in this case.
22 5. The fact of the matter is that centralizing FOIA requests and appeals
23 to one location makes sense in the interests of efficiency and accuracy. If CBP is
24 to most efficiently and accurately respond to the thousands of FOIA requests and
25 appeals that are transmitted in the course of a year, it follows that such requests and
26 appeals should be handled by individuals with expertise and skill in reviewing
27 FOIA requests and appeals, conducting searches that are reasonably calculated to
28

locate responsive records, and addressing any particular FOIA exemptions. These individuals work out of CBP's FOIA Division and FOIA Appeals Branch in Washington, D.C., which were created for the specific purpose of handling FOIA requests and appeals.

5. Individuals outside CBP's FOIA Division and FOIA Appeals Branch in Washington, D.C., do not necessarily have permission to, nor can they, access all CBP records.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of June 2008 in Washington D.C.

_____
Shari Suzuki

| | |
|---|---|
| 1 | THOMAS P. O'BRIEN<br>United States Attorney |
| 2 | LEON W. WEIDMAN<br>Assistant United States Attorney |
| 3 | Chief, Civil Division<br>ALARICE M. MEDRANO |
| 4 | Assistant United States Attorney<br>California State Bar #166730 |
| 5 | DEBORAH E. YIM<br>Assistant United States Attorney |
| 6 | California State Bar #217400 |
| 7 |     Room 7516, Federal Building<br>    300 North Los Angeles Street |
| 8 |     Los Angeles, California 90012<br>    Telephone: (213) 894-0460 |
| 9 |                (213) 894-2447<br>    Facsimile: (213) 894-7819 |
| 10 |     E-mail: alarice.medrano@usdoj.gov<br>             deborah.yim@usdoj.gov |
| 11 | Attorney for Federal Defendants, Michael Chertoff, et al. |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA POLONSKY DE LITICHI, | ) | CV 08-00584 RGK (AGRx) |
|     Plaintiff, | ) | |
| v. | ) | **DECLARATION OF ERIC BANKS IN SUPPORT OF FEDERAL DEFENDANTS' REPLY BRIEF TO MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE** |
| MICHAEL CHERTOFF, Secretary, USDHS; MICHAEL B. MUKASEY, Attorney General of the U.S.; EMILIO T. GONZALEZ, Director, USCIS; W. RALPH BASHAM, Commissioner, U.S. Customs and Border Protection; MAGDA S. ORTIZ, Director, Freedom of Information Act/Privacy Act Branch; USCIS; T. DIANE CEJKA, National Records Center Director, USCIS; MARK HANSON, Acting Director Freedom of Information Act Division, U.S. Customs and Border Protection; SHARI SUZUKI, Chief, Freedom of Information Act Appeals, Policy and Litigation Branch, U.S. Customs and Border Protection; and USDHS, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | Date:       June 9, 2008 |
| | ) | Time:      9:00 a.m. |
| | ) | Courtroom: 850 |
|     Defendants. | ) | |

I, Eric N. Banks, declare and state, as follows:

1.   I am an Associate Counsel at the Office of Chief Counsel for U.S. Citizenship and Immigration Services ("CIS"). In that capacity, among other things, I act as senior advisor and agency counsel in all matters arising from the administration of the agency's disclosure operations program, and have been charged with giving guidance and instruction to CIS personnel regarding the processing of Freedom of Information Act and Privacy Act requests, administrative appeals, and disclosure litigation.

2.   The statements made in this Declaration are made on the basis of: (1) my review of the official FOIA files and records in this matter; (2) my personal knowledge; and/or (3) information acquired by me in the course of the performance of my official duties.

3.   I am familiar with the procedures followed by CIS's Freedom of Information Act ("FOIA") office in responding to the FOIA request and appeal of Plaintiff Belinda Polonsky de Litchi ("Plaintiff").

4.   Pursuant to CIS regulation and policy, FOIA requests should be directed to the National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, Missouri – where Plaintiff sent her FOIA request in this case. The fact of the matter is that centralizing FOIA requests to one location makes sense in the interests of efficiency and accuracy. If CIS is to most efficiently and accurately respond to the hundreds of thousands of FOIA requests that are transmitted in the course of a year, it follows that such requests should be handled by individuals with expertise and skill in reviewing FOIA requests, conducting searches that are reasonably calculated to locate responsive records, and addressing any particular FOIA exemptions. These individuals work out of CIS's FOIA office in Lee's Summit, which was created for, among other things, the specific purpose of handling FOIA requests.

1  I declare under penalty of perjury that the foregoing is true and correct.
2  Executed this 2nd day of June 2008 in Washington, D.C.

3
4                                               _____
5                                                    Eric N. Banks
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On June 2, 2008, I served **REPLY BRIEF IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: June 2, 2008. Place of mailing: Los Angeles, California.

**Person(s) and/or Entity(ies) to Whom mailed:**

Neville Asherson, Esq.
ASHERSON, KLEIN, & DARBINIAN
9150 Wilshire Boulevard, Suite 210
Beverly Hills, California 90212

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: June 2, 2008 at Los Angeles, California.

                                                 /s/
                                       Janice M. Johnson