JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-584-RGK (AGRx) | Date | June 11, 2008 |
|---|---|---|---|
| Title | DE LITICHI v. CHERTOFF et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:** **(IN CHAMBERS)** Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue (DE 7)

## I.   FACTUAL BACKGROUND

Belinda Polonsky De Litchi ("Plaintiff") has sued U.S. Department of Homeland Security Secretary, Michael Chertoff and other federal officials (collectively "Defendants") on January 29, 2008, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Immigration and Nationality Act, 8 U.S.C. § 1101. By way of her complaint, Plaintiff seeks the release of the complete contents of her Alien file ("File"), including records from U.S. Customs and Border Protection and U.S. Citizenship and Immigration Services. Presently before the Court is Defendants' Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue.

## II.   JUDICIAL STANDARD

When a defendant makes a Rule 12(b)(3) motion to dismiss for improper venue, courts have discretion to transfer the action to a proper venue pursuant to 28 U.S.C. § 1406(a) ("Section 1406"). Section 1406 states the court presiding over a case brought in an improper venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Generally, it is preferred to transfer to a proper venue rather than dismiss the action. *Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

## III.   DISCUSSION

Under FOIA, only the district court "in the district in which the complainant resides, or has [its] principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction" over actions based on denial of a FOIA request. 5 U.S.C. § 552(a)(4)(B); *Unigard Ins. Co. v. Dep't of the Treasury*, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997). The special venue provision of FOIA "reflects an express congressional design to render the District of Columbia an all-purpose forum

in FOIA cases." *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

Because Plaintiff does not reside in the Central District of California or any other U.S. district, venue is only proper in the District of Columbia or another district where the agency records are located. Although Plaintiff argues that "many of the requested agency records" are within the Central District of California, Defendants, who are in the best position to identify the location of the records, indicate that they are located in the District of Columbia and Lee's Summit, Missouri. Thus, venue appears proper only in the District of Columbia or the Western District of Missouri, where Lee's Summit is located.

Plaintiff contends the more general venue statute of 28 U.S.C. § 1391(e) also governs the case because the action is not "simply a complaint under the FOIA [s]tatute." (Pl.'s Opp'n to Def.'s Mot. at 4.) This argument is not supported. Plaintiff's Complaint includes what purports to be an additional claim under the Immigration and Nationality Act and unspecified "Regulations." However, the only reference to this claim in the Complaint is the general allegation that: "Defendants' continued refusal to comply with Plaintiff's Freedom of Information Act Requests violates the Immigration and Nationality Act ...." (Compl. ¶ 54.) Even assuming this is a separate claim, the Central District of California is still not the appropriate venue: (1) when an action includes two federal claims and one of the claims is subject to a specific venue provision while the other is not, the more specific venue provision controls; or (2) the "primary" claim controls. *See Lengacher v. Reno*, 75 F. Supp. 2d 515, 519 (E.D. Va. 1999). Under the first approach, the more specific venue provision of FOIA controls. Under the second approach, FOIA's specific venue provision would also control because the FOIA claim is the primary claim in Plaintiff's action.

Thus, the Court finds that Plaintiff filed her complaint in the wrong venue. As such, it is in the interest of justice to transfer the action to the District of Columbia, where venue is proper.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion is granted and Plaintiff's complaint is transferred to the District of Columbia.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |